This office is in receipt of your correspondence of January 30, 1979, wherein you asked for an Attorney General's opinion as to the following questions: (1) Can a school district pay professional dues for the superintendent and principals in the district? (2) If the answer to question number one is "yes", can the superintendent, when there is a choice, mandate to the principals the professional association they join? It is the view of the Attorney General that your question may be answered by reference to 70 O.S. 5-139 [70-5-139] (1978), which states: "PROFESSIONAL ORGANIZATION DUES AND POLITICAL CONTRIBUTIONS OF EMPLOYEES — PAYROLL DEDUCTIONS. — School districts shall make payroll deductions for either or both professional organization dues and political contributions upon the request of any school employee and shall transmit deducted funds to the organization designated by the school district employee. Such deductions shall be on a ten-month basis unless otherwise designated by the employee organization. Superintendents of the independent school districts and principals of schools within the independent school districts are employees of the local board of education for the independent school district. 70 O.S. 5-117 [70-5-117] (1972). The provisions of 70 O.S. 5-139 [70-5-139] make no distinction between employees of the school districts on the basis of their professional duties, either administrative, clerical, instructional or other. The statute simply states that the school district shall make payroll deductions for professional organization dues upon the request of "any school employee". Therefore, local school districts are authorized by law to make "payroll deductions" for the purpose of paying "professional organization dues" of any school district employee. In response to your first inquiry the school district may pay the professional dues of superintendents and principals out of funds deducted from salaries of such superintendents and principals through a payroll deduction. There is no statutory authority whatsoever to justify the payment of professional dues out of any funds other than the payroll deductions of school district employees. With respects to your second inquiry relating to whether a local superintendent can designate the professional organization to which a principal of a school within the school district shall belong, there is no authority to support such control on the part of the local superintendent. Indeed, the provisions of 70 O.S. 5-139 [70-5-139] provide that the payroll deductions for the purpose of paying professional organization dues shall be transmitted "to the organization designated by the school district employee." Since the statute, 70 O.S. 5-139 [70-5-139], leaves the school district employee with the absolute discretion as to what professional organization will receive his payroll deduction for membership dues, there is no need to address the potential First Amendment problems with respect to Freedom of Association. Therefore, your second question should be answered in the negative, the superintendent of a local district may not require the principals of schools within his district to belong to any particular professional association and for the payroll deductions for the payment of those dues to be transmitted to any particular organization. In summation, it is the opinion of the Attorney General that local school districts may not pay out of their own funds professional dues of superintendents and principals in the district, but are required to make payroll deductions on behalf of superintendents and principals in the district so requesting for the purpose of paying professional organization dues. With respects to your second question, neither the school district nor the local superintendents may require principals to belong to any particular professional organization. (JOHN F. PERCIVAL) (ksg) ** SEE: OPINION NO. 90-678 (1990) (UNPUBLISHED) ** ** SEE: OPINION NO. 80-261 (1980) **